UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 1:07-MJ-49A |
| | : | |
| JOSEPH BLACK | : | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Criminal Complaint charging Joseph Black ("Defendant") with committing simple assault on a federal officer on official duty in violation of 18 U.S.C. § 111. This is a Class A misdemeanor. Defendant has been a patient at the Veterans' Administration ("VA") for several months. Defendant suffers a disabling circulatory condition which affects his hands, and is currently under total custodial care. The Government alleges that, on May 15, 2007 at the VA Hospital, Defendant struck Officer Shawna Ramsay on the chin while she engaged in the performance of her official duties as a VA Police Officer.

Defendant was provided with Court-appointed counsel pursuant to 18 U.S.C. § 3006A(a)(1)(A). Defendant was advised of his right to a jury trial and to trial before a District Judge. On September 17, 2007, Defendant, after consulting with counsel, waived his right to a jury trial and trial before a District Judge. Defendant consented to a bench trial before me (Document No. 9) which was held on September 17, 2007. The Government presented four witnesses (two VA Nurses and two VA Police Officers). Defendant's Counsel thoroughly cross-examined the Government's witnesses but did not present any additional witnesses. At the conclusion of the trial, both sides presented argument as to the evidence and as to a potential sentence if Defendant was found guilty. For the reasons discussed below, I find that the Government has met its burden of

proving Defendant's guilt, as to the misdemeanor charged, beyond a reasonable doubt and sentence Defendant to a one-year term of probation.

**Findings of Fact**

The evidence presented was largely undisputed. Defendant has a history of disruptive behavior at the VA Hospital. On May 15, 2007, the nurses on Defendant's unit sought assistance from the VA Police due to Defendant's loud and disruptive behavior. Officer Shawna Ramsey and Officer Scott Segee responded. Because Officer Ramsay had prior dealings with Defendant, she proceeded to his room while Officer Segee remained at the nurses' station.

Officer Ramsay entered Defendant's room. Defendant was seated on the edge of his bed. When questioned by Officer Ramsay, Defendant denied any poor behavior. Defendant then ignored Officer Ramsay's presence and began watching television. Officer Ramsay turned off the television. Defendant reached for the remote control but Officer Ramsay beat him to it. Officer Ramsay advised Defendant that they "need[ed] to finish talking." Defendant then received a telephone call. The telephone was located on Defendant's dinner tray which was located to his right. After determining, from Defendant's side of the conversation, that the telephone conversation was not of an emergency nature, Officer Ramsay leaned toward Defendant and disconnected the call. Defendant responded with a swing of his left hand at Officer Ramsay. She saw the hand coming and leaned back. Defendant's left hand made glancing contact with the right side of Officer Ramsay's chin. She did not suffer any injury but did seek medical attention because Defendant was in an isolation room at the time, due to infection.

**Conclusion of Law**

Section 111(a)(1), 18 U.S.C., makes it unlawful to forcibly assault, resist, oppose, impede, intimidate, or interfere with a federal officer while the officer is engaged in the performance of official duties. This criminal statute provides for two offense levels: simple assault – a misdemeanor; and forcible assault – a felony. It also provides an enhanced penalty for a forcible assault that involves use of a deadly or dangerous weapon, or one that inflicts bodily injury. 18 U.S.C. § 111(b). Defendant is charged with the simple assault misdemeanor offense.

In order to meet its prosecution burden in this case, the Government must prove to me beyond a reasonable doubt the following four elements:

1. that Defendant intentionally committed a simple assault against the victim named in the criminal complaint;

2. that the victim is a federal officer, who was then engaged in the performance of an official duty; and

3. that Defendant was not acting in self-defense.

First, the Government has met its burden of proving that the victim, Officer Shawna Ramsay, was a federal officer and was engaged in an official duty. The incident took place at the VA Hospital, and Officer Ramsay is employed by the VA as a police officer. She was in uniform at the time of the incident and responding to a call for assistance from the VA nursing staff.

Second, the Government has met its burden of proving that Defendant intentionally committed a simple assault on Officer Ramsay. The term "simple assault" is not defined in 18 U.S.C. § 111. In construing the term "simple assault" as used in an analogous statute, 18 U.S.C. § 113(a)(5), the First Circuit held that "it is sufficient to show that the defendant deliberately touched

another in a patently offensive manner without justification or excuse." United States v. Bayes, 210 F.3d 64, 69 (1st Cir. 2000). See also United States v. Frizzi, 491 F.2d 1231 (1st Cir. 1974) (spitting in the face of a mail carrier constitutes an assault under 18 U.S.C. § 111).

In this case, Officer Ramsay was attempting to speak with Defendant regarding the complaints of the nursing staff. Both Officer Ramsay and the two VA nurses testified as to Defendant's history of volatile behavior and his use of profanity towards nurses. Rather than cooperate with Officer Ramsay, Defendant chose to ignore her in defiance of her authority. Defendant initially turned his attention to the television and, when the television was turned off, Defendant chose to answer an incoming telephone call. After she determined that the call was not an emergency, Officer Ramsay reached over and disconnected the call.

It is apparent that Officer Ramsay was frustrated with Defendant's response to her, given his reported behavior on that day and his behavior on prior occasions as witnessed by Officer Ramsay. While Officer Ramsay's frustration is understandable, she is tasked with a challenging job which, at times, requires her to exercise restraint and patience in the face of poor patient behavior. There is no specific evidence in the record as to the length of time that Officer Ramsay allowed Defendant to speak on the telephone before disconnecting the call. It can be reasonably inferred from the evidence that the period of time was relatively short. Since Defendant received and did not initiate the call, he likely had no way of knowing the relative importance of the call when he answered. Further, although the call may have seemed unimportant to Officer Ramsay, it may have had more significance to Defendant who is isolated, due to his medical condition and long-term hospital stay.

Hindsight is clearly 20/20. However, in hindsight, Officer Ramsay may well have been better served by allowing Defendant to finish his phone call. If it became apparent to Officer

Ramsay that Defendant was unreasonably lingering on the call, then a decision to abruptly cut off the call may have been more justified.

Regardless of whether or not Officer Ramsay should have disconnected Defendant's call, his reaction constituted a simple assault and was in no way excused or justified. In his closing argument, Defendant's Counsel argued that Defendant's assault constituted self-defense because Officer Ramsay invaded Defendant's "personal space" when she leaned towards him to hang up the phone. "To raise a valid claim of self-defense to a charge of assault under § 111, the defendant must show: (1) that he did not know the official status of the person assaulted; (2) that he reasonably believed that he was being attacked; and (3) that he used reasonable force to defend himself." United States v. Jennings, 855 F. Supp. 1427, 1435 (M.D. Pa. 1994). Even in cases where the defendant knows the victim's official status, self-defense may be available if the federal officer used excessive force. United States v. Morton, 999 F.2d 435, 438 n.2 (9th Cir. 1993).

There is absolutely no evidence in this case to support a self-defense argument. Defendant's swing at Officer Ramsay was plainly reactionary and not defensive in nature. There is no evidence that Defendant believed he was being attacked by Officer Ramsay or that he was trying to prevent such attack. Rather, the evidence shows that Defendant swung at Officer Ramsay immediately after she hung up the phone and was moving away from Defendant. Even if Defendant had a right to be upset about Officer Ramsay's decision to cut off the call, he had absolutely no right to strike, or even attempt to strike, Officer Ramsay. He also has no right to disrupt the VA Hospital's operations, and other patients, with his loud and abusive behavior towards the VA nurses. Although Defendant's military service has entitled him to receive certain VA medical services, he owes a debt of gratitude

to the VA nurses who have cared for him for the last nine months. He should repay that debt with cooperative behavior.

Based on my review and findings, I find Defendant guilty of committing a simple assault on Officer Shawna Ramsay in violation of 18 U.S.C. § 111(a).

**Sentence**

Under 18 U.S.C. § 111(a), the penalty for simple assault is a fine and/or imprisonment for a term of not more than one year. Under the sentencing guidelines (§ 2A2.4), this offense (when it involves physical contact, as in this case) has a base offense level of thirteen which provides for a sentencing range of twelve to eighteen months, assuming a criminal history category of I.[1] If I applied the "minor assault" offense category (§ 2A2.3) which may be more appropriate for this simple assault case, the base offense level would be seven which provides for a guideline range of two to eight months, applying a criminal history category of II.

Although the Government has not requested a sentence of imprisonment, this analysis shows Defendant that his conduct calls for some level of incarceration under the sentencing guidelines, absent grounds for a downward departure or variance by the Court.

In its closing argument, the Government questioned the practicality of a fine given Defendant's indigent status and argued that the VA simply wants Defendant to behave as a patient. Defendant's Counsel argued that, if Defendant was found guilty, a period of probation would be appropriate. Balancing all of the sentencing factors set forth in 18 U.S.C. § 3553(a), I determine that a jail term is not warranted in this case, and instead impose a fine of $500.00 and a one-year term of probation with the mandatory conditions set forth in 18 U.S.C. § 3563(a). However, the fine of

[1] I have been advised by the Office of Probation that Defendant's criminal history category is actually II which would increase the guideline range to fifteen to twenty-one months.

$500.00 is suspended, conditioned on Defendant's satisfactory completion of his term of probation. The mandatory special assessment of $25.00 pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii) is not suspended and shall be paid by Defendant within thirty days. Defendant is advised that one of the mandatory probation conditions imposed on him is that he not commit another federal, state or local crime. This includes the federal petty offense of disorderly conduct in a VA facility pursuant to 28 C.F.R. §§ 1.218(a)(5) and (b)(11), which would likely be violated if Defendant reverts to the inappropriate behavior which resulted in Officer Ramsay reporting to his hospital room.

Finally, pursuant to Fed. R. Crim. P. 58(c)(4), Defendant is hereby advised of his right to appeal this conviction and sentence. For an appeal to be effective, it must be filed with the Clerk of this Court not later than ten days from the date of this Order, and a copy of the appeal must be served by mail upon the United States Attorney. See Local Rule (D.R.I.) Cr 57.2; Fed. R. Crim. P. 58(g)(2)(B).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 25, 2007